UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ALLIANCE RIGGERS & CONSTRUCTORS, LTD., | § § § | |
| Plaintiff, | § § | |
| v. | § § | EP-14-CV-00408-DCG |
| LINDA S. RESTREPO and CARLOS E. RESTREPO, d/b/a collectively RDI GLOBAL SERVICES and R&D INTERNATIONAL, | § § § § § § | |
| Defendants. | § | |

## ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

Presently before the Court is Defendants Linda S. Restrepo and Carlos E. Restrepo, d/b/a collectively RDI Global Services and R&D International's (collectively "Defendants") "Motion and Memorandum in Support of Motion to Alter or Amend Judgment" ("Motion") (ECF No. 6), filed on December 17, 2014. After due consideration of the Motion and applicable law, the Court **DENIES** Defendants' Motion.

### I. BACKGROUND[1]

Defendants ask the Court "to alter or amend its judgment entered on December 4, 2014," pursuant to Federal Rule of Civil Procedure 59(e). Mot. 1. The Court's December 4, 2014, order (the "Order"): (1) granted Defendants' application to proceed *in forma pauperis*; (2) remanded the action to state court for lack of subject matter jurisdiction; (3) found Defendants to be vexatious litigants; and (4) imposed a pre–filing injunction against further removals of the underlying state action. *See generally* Order, ECF No. 3. The instant Motion seeks

---

[1] The Court assumes familiarity with the facts of this case. A summary of the procedural and factual background of the case can be found in the Court's Order remanding this action to state court. *See* Order, ECF No. 3.

reconsideration of the remand order, the finding that Defendants are vexatious litigants, and the pre–filing injunction. *See* Mot. 12–17, 20 (asking the Court, *inter alia,* to "vacate its prior decision, thereby permitting the removal of the state case to federal court"). As discussed in detail below, the Court does not have jurisdiction to entertain Defendants' Motion to the extent it seeks reconsideration of the remand order. But the Court does have jurisdiction to reconsider the imposition of a pre–filing injunction and the finding that Defendants are vexatious litigants. Defendants have not shown that altering the pre–filing injunction or the finding that Defendants are vexatious litigants is warranted under the applicable legal standard, and the Motion is therefore denied.

## II. RECONSIDERATION OF REMAND ORDER

The Court does not have jurisdiction to entertain Defendants' request to alter or amend the December 4, 2014, remand order. An order remanding to state court a removed action "is not reviewable on appeal or otherwise." *See* 28 U.S.C. § 1447(d). Section 1447(d) must be read *in pari materia* with Section 1447(c), so that only remands based on the grounds specified in Section 1447(c) are immune from review under Section 1447(d). *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711–12 (1996) (citing *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995); *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 345–46 (1976)).

In effect, if a district court remands an action on the grounds of lack of subject matter jurisdiction or a defect in removal procedure, that court may not reconsider the remand order. *See* 28 U.S.C. § 1447(c); *Things Remembered*, 516 U.S. at 127–28. In contrast, a remand order based on grounds other than those identified in Section 1447(c) is reviewable. *See, e.g., Quackenbush*, 517 U.S. at 710–11 (finding that a remand order based on abstention does not fall under Section 1447(c) and is appealable); *In re Excel Corp.*, 106 F.3d 1197, 1200 (5th Cir. 1997) (finding that a worker's compensation remand order based on Section 1445(d) is reviewable).

Here, the Court determined that it lacked subject matter jurisdiction over the case as neither a federal question nor diversity jurisdiction was present. *See* Order 3–5. In fact, the remand order was expressly based on Section 1447(c). *See id.* at 5 (citing 28 U.S.C. § 1447(c)). The Court therefore does not have jurisdiction to entertain Defendants' Motion to the extent it seeks reconsideration of the remand order. *See, e.g., Easley v. Pace Concerts, Inc.*, No. CIV. A. 98–2220, 1999 WL 787652, at *1 (E.D. La. Oct. 4, 1999) (concluding that the court did not have jurisdiction to entertain a party's motion to reconsider a remand order). For the foregoing reasons, the Motion is denied to the extent it seeks reconsideration of the remand order.

### III. RECONSIDERATION OF VEXATIOUS–LITIGANTS ORDER

Defendants' Motion also seeks reconsideration of the portion of the Court's Order finding Defendants to be vexatious litigants and imposing a pre–filing injunction against Defendants ("Vexatious–Litigants Order"). *See* Mot. 12–17. The Vexatious–Litigants Order and the remand order are part of a single Court order. This may suggest that the Vexatious–Litigants Order is, like the remand order, unreviewable. However, "at times a separable and collateral order" is reviewable notwithstanding its relation to a remand order. *See Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 478 (5th Cir. 2001).

#### A. *Preclusion of Reviewability*[2]

Determining if the Vexatious–Litigants Order is reviewable requires "a two–step inquiry involving both separability from the remand itself and the collateral order doctrine." *Fontenot v. Watson Pharm., Inc.*, 718 F.3d 518, 521 (5th Cir. 2013) (citing *Doleac*, 264 F.3d at 479, 485). "The first [question] is whether [the Vexatious–Litigants Order] is 'distinct and separable' from

---

[2] In deciding whether the Vexatious–Litigants Order is reviewable, the Court follows the same analysis an appellate court would conduct under 28 U.S.C. § 1447(d) and relevant precedent. *See Pennier v. Morton Int'l, Inc.*, CIV. A. No. 10–1111, 2011 WL 3240476, at *1 (W.D. La. July 28, 2011) (reaching the same conclusion in examining the reviewability of a motion for reconsideration of a joinder ruling where that ruling was linked to a remand order).

the remand order, and therefore not encompassed within Section 1447(d)'s bar to review of a remand." *Regan v. Starcraft Marine, LLC*, 524 F.3d 627, 631 (5th Cir. 2008) (citing *First Nat'l Bank v. Genina Marine Servs., Inc.*, 136 F.3d 391, 394 (5th Cir. 1998)). An order is "separable" if it (1) "precede[s] the order of remand 'in logic and in fact,' *so as to be made while the district court had control of the case*," and (2) has the "preclusive effect of being functionally unreviewable in the state court." *Doleac*, 264 F.3d at 482 (quoting *Angelides v. Baylor Coll. of Med.*, 117 F.3d 833, 837 (5th Cir. 1997)); *see also Regan*, 524 F.3d at 631 ("An order is 'separable' if it precedes the remand order 'in logic and in fact' and is 'conclusive.'" (quoting *Genina Marine*, 136 F.3d at 394)).

Here, the Vexatious–Litigants Order precedes the remand order "in logic and in fact." First, the Vexatious–Litigants Order was entered while the Court had control of the case, and, unlike the remand order, was not predicated on the lack of subject matter jurisdiction.[3] Rather, the Vexatious–Litigants Order was based on Defendants' fourth attempt at seeking a relief to which they were not entitled. *See* Order 7–8. Moreover, the Court did not enter the Vexatious–Litigants Order for the purpose of determining subject matter jurisdiction. *Cf. Doleac*, 264 F.3d at 486 ("If the court looks to an issue *for the purpose of* determining subject matter jurisdiction, the issue is *not* separable because it *cannot* be said to have preceded the remand decision 'in logic *and in fact*.'" (quoting *Powers v. Southland Corp.*, 4 F.3d 223, 228 (3d Cir. 1993))). Instead, Defendants' vexatious filings had "independent relevance in adjudging the rights of the parties (*i.e.*, relevance beyond determining the existence of federal subject matter jurisdiction) . . . ." *See id.* (quoting *Powers*, 4 F.3d at 228). Second, the Vexatious–Litigants Order is unreviewable in state court upon remand, because it was made pursuant to the inherent power of

---

[3] That the Order first discusses the lack of subject matter jurisdiction and then discusses the Vexatious–Litigants Order is not material. The crux of the "separableness" analysis is whether the order at issue precedes the remand order "in logic and in fact" and is "conclusive," not whether it precedes the remand order in its sequential placement within an order. *See Doleac*, 264 F.3d at 479–82, 86.

federal district courts "to protect [their] jurisdiction and judgments and to control [their] docket[s]." *See* Order 7 (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986)); *see also Doleac*, 264 F.3d at 486–87 (explaining that, under the second prong of the "separableness" analysis, an order is separable if it cannot be reviewed by the state court upon remand). The Vexatious–Litigants Order is therefore separable from the remand order for purposes of reviewability.

The second question in the two–step reviewability inquiry is "whether there is some procedural mechanism for an appeal of this [Vexatious–Litigants Order]. The usual appeal process is from a final decision of a district court." *Regan*, 524 F.3d at 632 (citing 28 U.S.C. § 1291); *see also Doleac*, 264 F.3d at 489 ("Having concluded the [order] was a separable order, we must next decide whether that ruling is appealable under § 1291 or under an exception to the rule of finality."). A "decision is ordinarily considered final and appealable under § 1291 only if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Regan*, 524 F.3d at 632 (quoting *Quackenbush*, 517 U.S. at 712). The Vexatious–Litigants Order did not end the litigation on the merits and cannot therefore be said to be a final, appealable order under § 1291.

There are, however, procedural mechanisms to appeal district courts' non–final orders. *See, e.g., id.* (explaining that the "collateral order doctrine" is one such mechanism); *Dahiya v. Talmidge Int'l., Ltd.*, 371 F.3d 207, 213–14 (5th Cir. 2004) (DeMoss, J., dissenting) (discussing direct appeals of non–final orders under 9 U.S.C. § 16). Here, Defendants seek reconsideration of an injunction imposed by the Court to prevent further vexatious filings. *See* Mot. 12–17; Order 5–8. Such an order is appealable under 28 U.S.C. § 1292(a)(1).[4] *See Baum v. Blue Moon*

---

[4] 28 U.S.C. § 1292(a)(1) provides that "the courts of appeals shall have jurisdiction of appeals from . . . [i]nterlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions . . . ."

*Ventures, LLC*, 513 F.3d 181, 183–86 (5th Cir. 2008); *see also Int'l Ass'n of Machinists & Aerospace Workers Local Lodge 2121 AFL–CIO v. Goodrich Corp.*, 410 F.3d 204, 207–08 & n.3 (5th Cir. 2005) (recognizing at least three mechanisms to achieve appellate jurisdiction: final orders under 28 U.S.C. § 1291; interlocutory injunctions under 28 U.S.C. § 1292(a)(1); and the collateral order doctrine); *Cerveceria Cuauhtemoc Moctezuma S.A. de C.V. v. Montana Beverage Co.*, 330 F.3d 284, 286 (5th Cir. 2003) (per curiam) (same). Thus, the Vexatious–Litigants Order is appealable for purposes of reviewability.

Because the Vexatious–Litigants Order precedes the remand order "in logic and in fact," and is "conclusive" and appealable, the Court finds that it has jurisdiction to entertain Defendants' Motion to the extent it seeks reconsideration of the Vexatious–Litigants Order.[5]

### B. *Denial of Reconsideration*

Having concluded that the Court has jurisdiction to entertain the Motion in so far as it seeks reconsideration of the Vexatious–Litigants Order, the Court considers the Motion under the applicable legal standard.

### 1. **Legal Standard**

As a preliminary matter, the Court notes that Defendants' Motion is timely and properly made under Federal Rule of Civil Procedure 59(e). Although that Rule refers to modifications of judgments, Rule 54(a)'s definition of "judgment" includes "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). As explained above, an order imposing an injunction—though interlocutory—is appealable under 28 U.S.C. § 1292(a)(1). *See also Fin. Servs. Corp. of Midwest v. Weindruch*, 764 F.2d 197, 198 (7th Cir. 1985) (per curiam) (holding that "an order granting a preliminary injunction is a judgment within the meaning of" Rule 59(e)).

---

[5] As previously discussed, the Court does not have jurisdiction to reconsider the remand order. *See* 28 U.S.C. §§ 1447(c), 1447(d).

Since Rule 59(e) provides no specific grounds for when a motion to alter or amend a judgment may be granted, district courts enjoy "considerable discretion" in deciding whether to grant or deny such a motion. *See Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993). A district court must, however, "strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Id.* (citation omitted). Thus, a motion to alter or amend a judgment will only be granted "(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012) (citation omitted), *cert. denied*, 134 S. Ct. 57 (2013); *see also United Nat'l Ins. Co. v. Mundell Terminal Servs., Inc.*, 740 F.3d 1022, 1031 (5th Cir. 2014) ("A Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence . . . ." (quoting *Advocare Int'l LP v. Horizon Labs., Inc.*, 524 F.3d 679, 691 (5th Cir. 2008))).

### 2. Defendants' Bases for Relief

Defendants have not shown that altering or amending the Court's Order is warranted in this case. Defendants appear to support their Motion with three main arguments.[6] These arguments are discussed individually below.

*a. Erroneous Statements in the Court's Order*

Defendants first allege that the "December 4, 2014 Order is premised on error of law and error of fact" contained in two statements in the Court's Order. Mot. 12. The first of these statements is: "the fourth removal attempt, presently before the Court, was also filed despite the lack of a new or amended complaint." *Id.* at 12 (quoting Order 6). Defendants also take issue

---

[6] To the extent Defendants' Motion is predicated on other arguments, those arguments are irrelevant, superfluous, or otherwise fail to show that Defendants are entitled to the relief sought under the applicable legal standard.

with the following statement: "[t]hat court additionally found that, after dismissing all counterclaims brought by Defendants against certain parties in the state action . . . ." *Id.* at 12–13 (quoting Order 6). But Defendants do not explain what factual or legal errors are contained in these statements.[7] Other than asserting that Defendants "make exemption and a standing and running objection to these statements," the Motion does not present the Court with any information showing a legal or factual error therein. *See* Mot. 12–13.

b. *Incorrect Legal Standard*

Defendants' second argument is that the Court did not follow a specified four–factor standard before entering the pre–filing injunction. *See* Mot. 13–14. This argument is also unavailing. The four–factor framework highlighted by Defendants refers to a standard adopted by the Ninth Circuit Court of Appeals to ensure the propriety of pre–filing injunctions. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007); Mot. 13.[8] However, the Ninth Circuit standard is inapplicable for two reasons.[9]

First, the analysis is explicitly adopted in reference to a district court's statutory power under 28 U.S.C. § 1651(a) ("the All Writs Act"). *See Molski*, 500 F.3d at 1057. The Vexatious–Litigants Order was made pursuant to the Court's inherent power to guard against abuses of the judicial system, and not pursuant to any one statutory basis. *See* Order 7. As explained by the Fifth Circuit, a district court's "power to enter such orders flows not only from various statutes

---

[7] In a section entitled "28 U.S.C. § 1983 Color of Law Claim," Defendants quote, out of context, two additional sentences from the Court's Order and appear to argue that these statements also contain "errors of law and fact." *See* Mot. 19. Here, too, Defendants fail to explain how the cited statements are legally or factually erroneous.

[8] *Molski* also references a similar analysis adopted by the Second Circuit Court of Appeals. *See* 500 F.3d at 1057–58.

[9] The Ninth Circuit's four–factor standard asks district courts to: (1) give the litigant notice and a chance to be heard before the order is entered; (2) compile an adequate record for review; (3) make substantive findings about the frivolous or harassing nature of the plaintiff's litigation; (4) and make the pre–filing injunction narrowly tailored to fit closely the specific vice encountered. *See id.* at 1057.

and rules relating to sanctions, but the inherent power of the court to protect its jurisdiction and judgments and to control its docket." *Farguson*, 808 F.2d at 360 (footnote omitted).

Second, even if the Ninth Circuit's four-factor standard is meant to restrict a district court's discretion even when the court acts pursuant to its inherent powers, the Fifth Circuit has not adopted this standard.[10] Instead, the Fifth Circuit has limited the discretion of district courts to enter pre-filing injunctions by requiring these injunctions to "be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *See Baum*, 513 F.3d at 190 (quoting *Farguson*, 808 F.2d at 360). The Court was guided by this principle when it adopted the pre-filing injunction at issue here. *See* Order 7. Whatever value Defendants' preferred out-of-circuit standard may have, it is not binding on this Court. *See, e.g., De La Paz v. Coy*, 954 F. Supp. 2d 532, 542 (W.D. Tex. 2013) (recognizing that a district court in the Fifth Circuit "is not bound by decisions of the Ninth Circuit, and to the extent an opinion from that circuit conflicts with the law in this circuit, the [court] must follow Fifth Circuit precedent").

c. *Defendants Can Never Be Vexatious Litigants*

Finally, Defendants argue throughout the Motion that they, as the defendants in this action, cannot be found to be vexatious litigants. Defendants' argument appears to be that the Court's Order contained a manifest error of law, because "[a]s a matter of [c]onstitutional and Due Process [r]ights, [defendants] can never be vexatious." *See* Mot. 3. Defendants only support for this sweeping proposition is that "Texas law has no procedure by which a [d]efendant

---

[10] The Court is aware of only one unpublished district court case in this circuit applying the Ninth Circuit's four-factor standard. That pre-filing order, however, was based on the All Writs Act and not, as here, on the district court's inherent power to protect its jurisdiction and docket. *See Franklin v. Laughlin*, Civ. A. No. SA-10-CV-1027 XR, 2011 WL 598489, at *7-9 (W.D. Tex. Jan. 13, 2011), *report and recommendation adopted*, 2011 WL 672328 (W.D. Tex. Feb. 15, 2011).

can be declared a vexatious litigant [and that] Section 11 of the Texas Civil Practices & Remedies Code is directed at [p]laintiffs, [as is the] All Writs Act, 28 U.S.C. § 1651(a)." *See id.*

This argument fails for several reasons. Defendants' argument is first foreclosed by the fact that the Vexatious–Litigants Order was made pursuant to the Court's inherent power to impose sanctions against vexatious litigants, and not a Texas statute or the All Writs Act. *See* Order 7. Although this inherent power is limited, it serves "[a] court's need to orderly and expeditiously perform its duties." *Newby v. Enron Corp.*, 302 F.3d 295, 302 (5th Cir. 2002) (citations omitted) (recognizing that, in addition to the All Writs Act, "federal courts also have the inherent power to impose sanctions against vexatious litigants"). In the right circumstances, even "the outright dismissal of a lawsuit under the inherent power is within the court's discretion." *Id.* (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991)).

Additionally, contrary to Defendants' assertions, the All Writs Act is not "directed at plaintiffs." Rather, orders made pursuant to the All Writs Act may be directed not only to the immediate parties to a proceeding, but also "to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice." *Williams v. McKeithen*, 939 F.2d 1100, 1104 (5th Cir. 1991) (quoting *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977)); *see also Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1100 (11th Cir. 2004). If an injunction entered pursuant to the All Writs Act can be directed at persons who, though not parties to the proceeding, frustrate the implementation of the proper administration of justice, then a pre–filing injunction can surely be directed at a party before the Court who—regardless of its status as defendant or plaintiff—seeks to halt the judicial process with identical meritless filings. *See Netsphere, Inc. v. Baron*, 703 F.3d 296, 301–11 (5th Cir. 2012) (recognizing a federal court's ability to enjoin a defendant's "vexatious litigation tactics"), *cert. denied sub nom. Novo Point*

*LLC v. Vogel*, 135 S. Ct. 436 (2014), and *cert. denied sub nom. Vogel v. Baron*, 135 S. Ct. 437 (2014); *Newby*, 302 F.3d at 301 (citation omitted) (noting that a district court can enjoin "a litigant from bringing any future litigation on any claim arising from a particular fact situation, where the litigant [is] abusing the court system by harassing his opponents" (citing *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980))). The All Writs Act is, after all, "a codification of the federal courts' traditional, inherent power to protect" their jurisdiction. *Klay*, 376 F.3d at 1099.

Moreover, an injunction under the All Writs Act, and by extension under the Court's inherent powers, "must simply point to some ongoing proceeding, or some past order or judgment, the integrity of which is being threatened by someone else's action or behavior." *Id.* at 1100. The Court's Vexatious–Litigants Order was specifically concerned with Defendants' attempts to ignore and circumvent three prior orders by the Western District of Texas, including one issued by this Court, regarding the lack of subject matter jurisdiction to adjudicate a civil claim brought against Defendants. The Court therefore finds no merit in Defendants' claims.

## IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendants Linda S. Restrepo and Carlos E. Restrepo's "Motion and Memorandum in Support of Motion to Alter or Amend Judgment" (ECF No.6) is **DENIED**.

**IT IS ALSO ORDERED** that the Clerk of the Court **SHALL CLOSE** this case.

**IT IS FURTHER ORDERED** that any pending motions are **DENIED AS MOOT**.

So SIGNED and ORDERED this 7th day of January, 2015.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE